| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL VI | | |
| LUIS ACEVEDO VILLAFAÑE<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | TA2026RA00113 | *Revisión Judicial,* procedente del Departamento de Corrección y Rehabilitación<br><br>Querella núm.:<br>316-25-162<br><br>Sobre:<br>Incidente Disciplinario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de marzo de 2026.

Compareció ante este Tribunal la parte recurrente, el Sr. Luis Acevedo Villafañe (en adelante, el "señor Acevedo Villafañe" o "Recurrente"), mediante recurso de un recurso de revisión judicial y una solicitud para litigar *in forma pauperis* presentados el 16 de marzo de 2026. Nos solicitó la revocación de la *Resolución* emitida y notificada por el Departamento de Corrección y Rehabilitación (en adelante, "DCR" o "Recurrido") el 17 de febrero de 2026. Dicho dictamen fue objeto de una "**Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado**" presentada por el Recurrente sobre la cual el foro *a quo* no actuó o tomó determinación alguna.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, prescindimos de la comparecencia de la parte recurrida, al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal,[1] y por los fundamentos que expondremos a continuación, se *confirma* la *Resolución* emitida por el DCR.

---

[1] *Véase,* Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

**I.**

El presente caso tuvo su génesis el 3 de diciembre de 2025, con la presentación de un "**Informe Disciplinario**" en contra del señor Acevedo Villafañe, en el que se le imputó la comisión de conducta constitutiva de agresión y/o su tentativa. El 4 de febrero de 2026, se llevó a cabo la vista disciplinaria. Tras evaluar la prueba presentada, el 17 de febrero de 2026, el DCR emitió una *Resolución* en la que concluyó que el Recurrente violó la Regla 15 del Código 117 del Reglamento Núm. 9221, *infra*, la cual tipifica la agresión como acto prohibido. En consecuencia, recomendó la adopción de medidas cautelares respecto a los confinados Osvaldo Figueroa Rosario, Joseph Matos Diaz, Yadiel Iglesias Izquierdo y el Recurrente, al momento de ser ubicados en la institución, de manera que se garantizara la seguridad de éstos.

Insatisfecho con esta decisión, el señor Acevedo Villafañe presentó una "**Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado**", sobre la cual el foro *a quo* no actuó o tomó determinación alguna. Aun inconforme con lo anterior, el Recurrente presentó ante nos un recurso de revisión judicial mediante el aduce que los hechos por los cuales es procesado administrativamente vulneran su derecho al debido proceso de ley, en tanto el "**Informe Disciplinario**" debe ser redactado en maquinilla o en letra de molde y resultar plenamente legible. Asimismo, sostiene que dicho informe debe ser completado en todos sus encasillados y que la utilización de la expresión "entiendo yo" reviste un carácter meramente especulativo.

**II.**

**A.**

Es norma reiterada en nuestro ordenamiento jurídico que los tribunales apelativos están llamados a abstenerse de intervenir en las decisiones administrativas, ya que éstas poseen una presunción de legalidad y corrección. ECP Incorporated v. OCS, 205 DPR 268, 281 (2020); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016). Cónsono con ello, se ha resuelto que las decisiones de las agencias administrativas gozan de

la mayor deferencia por los tribunales. <u>Oficina de Ética Gubernamental v. Martínez Giraud</u>, 210 DPR 79, 88-89 (2022). Ello debido a que dichos entes gubernamentales son los que poseen el conocimiento especializado y experiencia en los asuntos que les son encomendados. <u>Super Asphalt v. AFI</u>, 206 DPR 803, 819 (2021).

Sin embargo, recientemente, nuestro Tribunal Supremo cambió esta norma de deferencia hacia las decisiones administrativas, al adoptar la opinión del Tribunal Supremo de los Estados Unidos en el caso de <u>Loper Bright Enterprises v. Raimondo</u>, 603 US 369 (2024). En específico, determinó que la interpretación de las leyes es una tarea que le corresponde a los tribunales y dispuso que estos, en el ejercicio de su función revisora, deberán actuar con el rigor que prescribe la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico de 2017 y no ser guiados por la deferencia automática. <u>Vázquez v. Consejo de Titulares</u>, 2025 TSPR 56, 215 DPR ___.

La Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017 (3 LPRA sec. 9675) (en adelante, "la LPAU") dispone que "[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo". Así pues, la intervención judicial en estos casos ha de centrarse en tres aspectos principales: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos están razonablemente sostenidas por la prueba y (3) si las conclusiones de derecho del organismo administrativo son correctas. <u>P.R.T.C. Co. v. J. Reg. Tel. de P.R.</u>, 151 DPR 269, 281 (2000). Podemos decir que la deferencia reconocida a la decisión de una agencia administrativa cede en las siguientes circunstancias: cuando no está basada en evidencia sustancial, cuando el organismo administrativo ha errado en la aplicación de la ley y cuando ha mediado una actuación irrazonable o ilegal. <u>T-JAC, Inc. v. Caguas Centrum Limited</u>, 148 DPR 70, 80 (1999).

Según lo ha definido el Tribunal Supremo en diversas ocasiones, evidencia sustancial es "aquella evidencia relevante que una mente

razonable podría aceptar como adecuada para sostener una conclusión". Hilton Hotels v. Junta Salario Mínimo, 74 DPR 670, 687 (1953). Por ello, quien impugne las determinaciones de hechos de una agencia administrativa tiene el deber de presentar ante el foro judicial la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. El peso de la prueba descansa entonces sobre la parte que impugna la determinación administrativa. Com. Vec. Pro-Mej., Inc. v. J.P., 147 DPR 750, 761 (1999). Además, debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. Rebollo v. Yiyi Motors, 161 DPR 69, 76-77 (2002).

Las conclusiones de derecho, tal y como surge de la Sección 4.5 de la LPAU, *supra*, deben ser revisadas en todos sus aspectos. 3 LPRA sec. 9675. Sin embargo, esto no significa que, al ejercer su función revisora, podamos descartar liberalmente las conclusiones e interpretaciones de la agencia, sustituyendo el criterio de ésta por el propio. "Al evaluar los casos es necesario distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa". Adorno Quiles v. Hernández, 126 DPR 191, 195 (1990).

No obstante, la deferencia judicial en la revisión de determinaciones administrativas no conlleva la renuncia de este Tribunal a su función revisora. La deferencia reconocida no equivale a la dimisión de la función revisora de este foro apelativo intermedio en instancias adecuadas y meritorias, como resulta ser cuando la agencia ha errado en la aplicación de la ley. Reyes Salcedo v. Policía de P.R., 143 DPR 85, 94 (1987).

**B.**

El Artículo VI, Sección 19 de nuestra Carta Magna establece la política púbica del Estado de "reglamentar las instituciones penales para

que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI, Sec. 19, Const. PR, LPRA, Tomo 1.

De conformidad con dicho axioma constitucional, el Artículo 2 del Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, según enmendado, conocido como el "Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011", 3 LPRA Ap. XVIII (en adelante, el "Plan de Reorganización"), dispone que:

> La política pública del Gobierno de Puerto Rico a través de la creación de un sistema integrado de seguridad y administración correccional donde las funciones y deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad, así como a la custodia de ciudadanos que han sido encontrados incursos en la comisión de un delito o falta y que establezcan procesos de rehabilitación moral y social del miembro de la población correccional o transgresor, a fin de fomentar su reincorporación a la sociedad. 3 LPRA Ap. XVIII, Art. 2.

A tenor con las disposiciones del Artículo 7, inciso (aa), del Plan de Reorganización, el DCR tendrá la facultad para:

> [A]doptar, establecer, desarrollar, enmendar, derogar e implementar reglas, reglamentos, órdenes, manuales, normas y procedimientos para el funcionamiento efectivo del Departamento y de los organismos bajo su jurisdicción, a los fines de regir la seguridad, la disciplina interna y la conducta de funcionarios, empleados y de la clientela, así como los programas y servicios. 3 LPRA Ap. XVIII, Art. 7 (aa).

De conformidad las facultades anteriormente detalladas, el DCR aprobó el Reglamento Núm. 9221 de 8 de octubre de 2020, conocido como el "Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional". Dicho cuerpo reglamentario se aprobó con la intención de cumplir con la política pública de modificar la conducta de los confinados del país desde una perspectiva rehabilitadora y evitando ser una herramienta de carácter punitivo. En lo pertinente, la Regla 4 del Reglamento 9221, *supra*, define acto prohibido como "cualquier acto que implique una violación a las normas de conducta de la institución que conlleve la imposición de medidas disciplinarias, incluyendo cualquier acto u omisión, o conducta tipificada como delito". En relativo a los actos

prohibidos imputados al señor Acevedo Villafañe, la Regla 15 define el Código 117 de la siguiente manera:

> Agresión- Toda persona que por cualquier medio cause a otra una lesión a su integridad corporal. Toda persona que negligentemente ocasione a otra una lesión corporal, que requiere atención médica u hospitalización, ayuda profesional especialidad, tratamiento ambulatorio o prolongado, o genere un daño permanente, se entenderá como falta grave.

De conformidad con el Reglamento Núm. 9221, *supra*, la vista disciplinaria administrativa es el procedimiento de adjudicación informal en el cual el miembro de la población correccional tendrá la oportunidad de presentar evidencia dirigida a probar sus alegaciones y podrá defenderse por derecho propio, cuando se le impute la comisión de algún acto prohibido. Regla 4(33) del Reglamento 9221, *supra*. Durante la vista, el confinado podrá hacer declaraciones, presentar prueba a su favor o guardar silencio, sin que el mismo pueda ser utilizado en su contra. Regla 25(8) del Reglamento 9221, *supra*.

**III.**

En el presente caso, el señor Acevedo Villafañe nos solicitó la revocación de la *Resolución* del DCR mediante la cual se determinó que violó la Regla 15 del Código 117 del Reglamento Núm. 9221, *supra*.

En esencia, el Recurrente sostiene que el DCR erró al concluir que los hechos por los cuales es procesado administrativamente no vulneran su derecho al debido proceso de ley. A tales efectos, argumenta que el "**Informe Disciplinario**" debe redactarse en maquinilla o en letra de molde y ser claramente legible. Asimismo, aduce que dicho informe debe completarse en todos sus encasillados y que la inclusión de la frase "entiendo yo" denota un carácter meramente especulativo.

Tras un examen ponderado e integral del expediente que obra ante nuestra consideración, hemos arribado a la conclusión de que la actuación del DCR estuvo dentro del marco de su autoridad y resultó razonable a la luz de la documentación disponible. Nos explicamos.

Del expediente ante nuestra consideración se desprende que, el 3 de diciembre de 2025, el Recurrente, en conjunto con otros dos confinados, agredió al confinado Yadiel Iglesias, presuntamente por entender que este

fungía como testigo de determinados hechos. Ante ese cuadro fáctico, el DCR determinó recomendar la adopción de medidas cautelares respecto a los confinados Osvaldo Figueroa Rosario, Joseph Matos Díaz, Yadiel Iglesias Izquierdo y el Recurrente, al momento de su ubicación en la institución. De los autos se desprende que el DCR arribó a dicha conclusión luego de evaluar amplia prueba documental y testifical. Dicha *Resolución* se enmarca en la amplia discreción que ostenta la referida agencia para implementar medidas preventivas dirigidas a salvaguardar la seguridad y mantener la disciplina institucional. Igualmente, notamos que al Recurrente se le protegió su derecho a un debido proceso de ley y que sus argumentos para que revoquemos la determinación de la agencia distan de la realidad de lo que realmente ocurrió en el caso.

Así pues, colegimos expresamente que el Recurrente no aportó evidencia suficiente para derrotar la presunción de corrección de la cual están investidas las decisiones del foro administrativo. En el ejercicio de nuestra función revisora, venimos compelidos a darle deferencia a la especialización, experiencia y las cuestiones propias de la discreción o pericia de las agencias administrativas. Tal y como hemos adelantado, somos de la opinión de que la agencia recurrida no actuó de manera arbitraria, ilegal, irrazonable o fuera del marco de los poderes que se le delegaron y, por tanto, no se cometieron los errores imputados.

## IV.

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se declara "Ha Lugar" la solicitud del Recurrente para litigar *in forma pauperis* y se *confirma* la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones